PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SEAMAN CORPORATION, | ) | |
| | ) | CASE NO. 5:20CV443 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| EDWARD VINCENT FLAHERTY, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 92] |

Pending before the Court is Defendant's Motion to Stay Further Proceedings Pending Appeal. ECF No. 92. Plaintiff has filed a response in opposition (ECF No. 93), and Defendant has filed a reply (ECF No. 95). For the foregoing reasons, the Court denies Defendant's motion.

### I. Legal Standard

Rule 62 of the Federal Rules of Civil Procedure provides that, "unless the court orders otherwise," an appeal taken in an action for an injunction does not stay the proceedings. Fed.R.Civ.P. 62(a). A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Whether to grant a stay pending an appeal is within the sound discretion of the District Court. *Mason Cty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

"There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Dugas v. Wittrup*, No. 2:15CV67, 2015 WL 3823264, at *1 (S.D. Ohio June 19, 2015) (quoting *Ferrell v. Wyeth Ayerst*

(5:20CV443)

*Labs.*, Inc., No. 1:01CV447, 2005 WL 2709623 (S.D.Ohio Oct. 21, 2005)).  In determining whether or not to grant a stay of proceedings, some courts have defined the inquiry as follows: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F.Supp.2d 829, 831 (N.D.Ohio 2004) (citing *Landis*, 299 U.S. at 255).

## II.  Analysis

The Court presumes the parties' familiarity with the background of this case, the preliminary injunction issued by the Court on August 3, 2020 (ECF No. 87), and Defendant's interlocutory appeal therefrom (ECF No. 91).  The Court will discuss only the facts necessary to explain its reasoning.  The Court finds that, under the current circumstances, a stay would only cause unnecessary delay.  Specifically, the Court weighs the extent and scope the interlocutory appeal will have on this matter given the current posture of the litigation, the resources of the Court and the parties, and hardships that may be incurred by both parties.

While Defendant has expressed that he intends to seek a broad decision from the Sixth Circuit regarding every claim at issue in this case, ECF No. 95 at PageID #: 3153-54, as the Court explained in its August 3, 2020, order, the legal issues at play are not unsettled.  Defendant, who, as the movant, bears the burden to establish the propriety of a stay, has not convinced the Court that any decision by the Sixth Circuit is likely to have any significant impact on the scope of discovery.  While the choice-of-law question that Defendant has appealed will likely have a dispositive impact on the non-compete portion of the breach of contract claim,

(5:20CV443)

as Plaintiff has pointed out, California and Ohio do not vary greatly as to the elements of the other claims in this suit, tortious interference and trade secret misappropriation.  ECF No. 93 at PageID #: 3051.

The Court is, of course, aware that the Sixth Circuit litigation will impact any ultimate adjudication of the merits of the claims before it, and will consider the progress of that litigation in evaluating appropriate cutoffs in this matter.  The Court is confident that the Sixth Circuit will timely discharge its duties, particularly given the posture of the case before it.  Accordingly, the Court sees no reason for discovery not to move forward in the normal course at this time.

Considerations of judicial economy also weighs against permitting a stay.  It is readily apparent that discovery in this case and *Seaman Corporation v. Siplast, Inc., et al.*, No. 5:20CV2040, will overlap, and that the resources of the parties and the Court will be conserved if discovery proceeds in both cases during the same time frame.  To that end, the Court schedules a joint case management conference for November 18, 2020 at 10:00 a.m.  A separate Case Management Scheduling Order will issue.

Furthermore, while Defendant is correct that hardship to Plaintiff if a stay is granted will be limited by the preliminary injunction[1] and the California Court's stay of the case before it, ECF No. 93-2,  Plaintiff is reasonably concerned that Defendant has sought an *ex parte* order from the California state court that he allegedly believes would have absolved him from compliance with this Court's orders.  While any such assumption by Defendant is, of course,

---

[1] The preliminary injunction will remain in effect, unless modified by this Court or a higher appellate court with appropriate jurisdiction, until January 24, 2022.  ECF No. 87 at PageID #: 2861.

3

(5:20CV443)

inaccurate, the fact remains that this case has been pending for nearly eight months, and Plaintiff is entitled to an adjudication of its claims "without undue delay." *Ohio Environmental Council v. U.S. Dist. Court, Southern District of Ohio, Eastern Division*, 565 F.2d 393, 396 (6th Cir.1977). To prohibit discovery until the Sixth Circuit has issued a ruling on Defendant's appeal, as Defendant requests, would be the very definition of undue delay.

The Court also notes that hardship to Defendant if the stay is denied will be minimal, if existent. As discussed above, Defendant will likely need to engage in identical discovery after the Sixth Circuit rules, and will certainly need to engage in much of the same discovery even if he secures a favorable ruling. Indeed, he may well need to engage in duplicative discovery if a stay is granted, given the case pending against his current employer. The potential, minimal, extraneous discovery Defendant may be subject to if he is required to proceed in due course rather than on a delayed track is insufficient to meet Defendant's burden to establish that a stay would be appropriate.

### III. Conclusion

For the foregoing reasons, the Court denies Defendant's motion to Stay Further Proceedings Pending Appeal (ECF No. 92).

IT IS SO ORDERED.

 October 16, 2020  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
 United States District Judge